# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, <br><br> Plaintiff, <br><br> vs. <br><br> RVD REAL ESTATE PROPERTIES LLC, <br><br> Defendant. | 8:18CV449 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 10, filed by Defendant RVD Real Estate Properties LLC. For the reasons stated below, the Court will convert the Motion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## BACKGROUND

The following facts are those alleged in Plaintiff Zach Hillesheim's Complaint, ECF No. 1, and those contained in the parties' affidavits, ECF Nos. 11, 16, 19.

On July 7, 2018, Plaintiff Zach Hillesheim visited Fort Street Plaza, a multi-tenant commercial building owned by RVD and located in Omaha, Nebraska. Compl. ¶ 2, ECF No. 1, Page ID 1. Hillesheim uses a wheelchair for mobility and, during his July 7, 2018, visit, he encountered several architectural barriers in Fort Street Plaza's parking lot which impeded his ability to access the building. Specifically, Hillesheim alleged that Fort Street Plaza's forty-space parking lot lacked at least two ADAAG compliant accessible parking spaces.

As of July 7, 2018, three of Fort Street Plaza's forty parking spaces were designated as accessible by a painted symbol on the surface of each space. Hillesheim's

Complaint alleged none of the three designated accessible spaces complied with ADAAG vertical-signage and slope regulations in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

After Hillesheim filed his Complaint, RVD repainted the lines and symbols and added vertical signage on two of its accessible parking spaces. *Compare* Compl., ECF No. 1-1, Page ID 15 (depicting accessible parking spaces on July 7, 2018), *with* Foral Aff., Ex. A, ECF No. 11, Page ID 36 (depicting accessible parking spaces following remedial work). RVD also hired a construction company to measure the slope of these parking spaces, and the construction company determined that neither of the spaces exceeded the ADAAG's slope restrictions. Donahoo Aff., ECF No. 19. RVD then filed the pending motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing Hillesheim's ADA claim is now moot.

## DISCUSSION

The Court finds that this case is not moot and will convert RVD's Motion under Rule 12(b)(1) into a motion for summary judgment under Rule 56.

"Title III of the ADA prohibits discrimination on the basis of disability in a place of 'public accommodation,'" *Disability Support All. v. Heartwood Enters.*, 885 F.3d 543, 545 (8th Cir. 2018) (quoting 42 U.S.C. § 12182(a)), and "'[d]iscrimination includes 'failure to remove architectural barriers . . . in facilities . . . where such removal is readily achievable,'" *id.* "The ADAAG is a comprehensive set of structural guidelines that articulates detailed design requirements to accommodate persons with disabilities."[1]

---

[1] See 36 C.F.R. § 1191, appendices B and D.

*Davis*, 886 F.3d at 676 n.2 (quoting *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 (9th Cir. 2014)). The ADA provides a private right of action for injunctive relief to any person being subjected to discrimination on this basis. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (citing 42 U.S.C. § 12188).

Based on two affidavits submitted with its Motion, RVD argues this case is moot because RVD remedied all the ADAAG violations alleged in Hillesheim's Complaint. See Foral Aff., ECF No. 11; Donahoo Aff., ECF No. 19. Hillesheim concedes that RVD remedied the alleged signage violations but argues RVD's Motion under Rule 12(b)(1) must be denied because RVD took no remedial measures with respect to the alleged slope violations and only challenges the merits of Hillesheim's alleged slope violations.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Davis*, 886 F.3d at 677 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*

The evidence shows RVD repainted the lines and added vertical signage on two of its previously-designated accessible parking spaces but took no steps to remedy the alleged slope violations. *See* Foral Aff., Ex. A, ECF No. 11; Donahoo Aff., ECF No. 19, Page ID 61. Rather, according to RVD's evidence and brief, a construction company measured the slope of the parking spaces in all directions and determined that they were ADAAG compliant. Def.'s Br., ECF No. 20, Page ID 64; *see also* Donahoo Aff., ECF No. 19, Page ID 61. Thus, with respect to the alleged slope violations, RVD's Motion

3

challenges the merits of Hillesheim's claim, not the Court's subject-matter jurisdiction on the basis that RVD's voluntary compliance renders this case moot. As such, this case is not moot, and the Court may convert RVD's Motion under Rule 12(b)(1) into a motion for summary judgment under Rule 56.

That the Court may consider matters outside the pleadings when deciding a Rule 12(b)(1) motion does not, itself, "convert the 12(b)(1) motion to one for summary judgment." *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003). However, district courts may, under appropriate circumstances, convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. *Simes v. Huckabee*, 354 F.3d 823, 826 n.2 (8th Cir. 2004) (commenting that the district court's conversion of a 12(b)(1) motion into a motion for summary judgment appeared to fit with the exception noted in *Van Leeuwen v. United States Postal Serv.*, 628 F.2d 1093, 1095 (8th Cir. 1980) "as both parties submitted exhibits apart from the pleadings, and were thus possibly on constructive notice that the court would treat the motion as one for summary judgment"); *see also id.* (citing *Layton v. United States*, 919 F.2d 1333, 1335 n.4 (8th Cir. 1990)).

Because the parties agree that the only remaining allegation supporting Hillesheim's ADA claim is his allegation that RVD's accessible parking spaces do not comply with ADAAG slope restrictions, and because Hillesheim recognized that RVD's motion and evidence challenges this claim on the merits, the Court finds it is appropriate to convert RVD's Rule 12(b)(1) motion into a motion for summary judgment under Rule 56. *See Simes v. Huckabee*, 354 F.3d 823, 826 n.2 (8th Cir. 2004). Although Hillesheim

has already submitted his own evidence in opposition to RVD's Motion,[2] this evidence is insufficient to support a finding of an ADAAG slope violation. Accordingly, the Court will provide Hillesheim an opportunity to respond to RVD's converted motion for summary judgment.

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 10, filed by Defendant RVD Real Estate Properties LLC, is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure; and

2. Plaintiff Zach Hillesheim may respond to the pending motion for summary judgment on or before February 28, 2019.

Dated this 14th day of February, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[2] Hillesheim submitted a photograph of the one of RVD's accessible parking spaces. Hillesheim Aff., ECF No. 16, Page ID 49. This photograph was taken from Hillesheim's vehicle and no rational trier of fact could find in his favor on his ADA claim based on this evidence.