IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ZACH HILLESHEIM,

Plaintiff,

vs.

RVD REAL ESTATE PROPERTIES
LLC,

Defendant.

**8:18CV449**

**MEMORANDUM AND ORDER**

Plaintiff Zach Hillesheim filed a Motion for Discovery Under Federal Rule of Civil Procedure 56(d) (see Filing No. 23), asking the court to extend the response deadline for the pending motion for summary judgment (Filing No. 10). In response, Defendant, RVD Real Estate Properties LLC (RVD) filed a motion for protective order, (Filing No. 29). For the reasons stated below, Hillesheim's motion will be granted, and Defendant's motion will be denied.

BACKGROUND

The basic facts of this case, as stated in Judge Smith Camp's Memorandum and Order filed on February 14, 2019, (Filing No. 22, internal citations omitted), are as follows:

> On July 7, 2018, Plaintiff Zach Hillesheim visited Fort Street Plaza, a multi-tenant commercial building owned by RVD and located in Omaha, Nebraska. Hillesheim uses a wheelchair for mobility and, during his July 7, 2018, visit, he encountered several architectural barriers in Fort Street Plaza's parking lot which impeded his ability to access the building. Specifically, Hillesheim alleged that Fort Street Plaza's forty-space parking lot lacked at least two ADAAG compliant accessible parking spaces.

As of July 7, 2018, three of Fort Street Plaza's forty parking spaces were designated as accessible by a painted symbol on the surface of each space. Hillesheim's Complaint alleged none of the three designated accessible spaces complied with ADAAG vertical-signage and slope regulations in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

After Hillesheim filed his Complaint, RVD repainted the lines and symbols and added vertical signage on two of its accessible parking spaces. RVD also hired a construction company to measure the slope of these parking spaces, and the construction company determined that neither of the spaces exceeded the ADAAG's slope restrictions.

The court found that the evidence Hillesheim submitted was "insufficient to support a finding of an ADAAG slope violation" and allowed Hillesheim time to respond to RVD's motion for summary judgment. (Filing No. 22 at CM/ECF p. 5).

For the purposes of this lawsuit and similar litigation, Hillesheim's counsel employs an agent, Peter Hansmeier, who is a Certified Accessibility Specialist in the State of Minnesota. (Filing No. 33). Hansmeier has taken slope measurements for Hillesheim in several other cases, (Id., Filing No. 24 at CM/ECF p. 3), and he planned to travel to Omaha on the morning of February 26, 2019, to take measurements of the accessible parking spaces at Fort Street Plaza. However, that measurement did not occur because RVD's counsel indicated that Hansmeier would not be permitted access to RVD's premises absent a court order. (Filing No. 25-1 at CM/ECF p. 2)

On March 3, 2019, RVD moved for a protective order in accordance with Rule 26(c)(A), asserting that "a site inspection" by Peter Hansmeier would be an "undue burden on Defendant and this court." (Filing No. 29).

ANALYSIS

A. Motion for Rule 56(d) Discovery

Hillesheim seeks an order under Rule 56(d) of the Federal Rules of Civil Procedure, requiring RVD "to allow Hillesheim's agent to take measurements of Defendant's parking lot so that Hillesheim may properly respond to Defendant's pending motion for summary judgment." (Filing No. 23 at CM/ECF p. 1). In his brief, Hillesheim argues that Hansmeier, acting as his agent, should have access to the property for the limited purpose of collecting slope measurements. (Filing No. 24 at CM/ECF p. 4). RVD opposes the motion, arguing Hansmeier is "not Mr. Hillesheim's agent. He is, instead [plaintiff's counsel's] employee," and he has "no independent knowledge of any facts relevant to this case." (Filing No. 30 at CM/ECF p. 1).

> Rule 56(d) provides:
>
> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56. To obtain additional discovery under Rule 56(d), the nonmovant must file an affidavit explaining "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018) (quoting Johnson v. United States, 534 F.3d 958, 965 (8th Cir. 2008) ); see also Jackson v. Riebold, 815 F.3d 1114, 1121 (8th Cir. 2016) (nonmovant "must file an affidavit affirmatively demonstrating ... how postponement of a ruling

on the motion [for summary judgment] will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact") (internal quotations and citations omitted).

Defendant's agent has taken slope measurements and submitted testimony that there are no excessive slopes in the accessible parking spaces. Hillesheim believes, based on personal observation, that this testimony is inaccurate and would like to take his own measurements. However, his affidavit indicates that due to his mobility impairment, he is uncomfortable personally taking these measurements. Hillesheim has identified an individual who is a Certified Accessibility Specialist and is able to take these measurements on Hillesheim's behalf. (Filing No. 25-1 at CM/ECF p. 2). Hillesheim asserts that he cannot adequately respond to the motion for summary judgment unless and until these measurements are taken.

Hillesheim has filed in affidavit form the specific facts he hopes to elicit; namely, the slope measurements of the parking lot. These measurements will certainly help the parties to determine what, if any, potential ADAAG violations exist, and will assist Hillesheim in accurately responding to RVD's motion for summary judgment. Hillesheim indicated in his brief that he anticipated his agent would need "under thirty minutes to collect the necessary measurements," and that these measurements could be "taken during 'off peak' hours so as not to disrupt business operations." (Filing No. 24 at CM/ECF p. 4). Hillesheim's counsel indicated that she would arrange a mutually agreeable time with RVD and any counsel, and all parties would be welcome to attend.

Under the facts as represented, the count finds the Rule 56(d) motion should be granted. RVD will be is directed to allow an agent appointed by Hillesheim to

enter the premises for the limited purpose of collecting slope measurements. Hillesheim and his counsel/agent shall adhere to the guidelines he provided.

## B. Motion for Extension

Because the measurements will dictate how Hillesheim responds to the pending motion for summary judgment, Hillesheim's motion for extension will be granted. Hillesheim's response to RVD's motion for summary judgment will be due within 14 days following the site visit.

## C. Motion for Protective Order

Neither party disputes that Rule 34 allows entry upon land as a means of discovery. Rule 34 generally governs procedures for inspection of property and provides that a party may request "within the scope of Rule 26(b)" entry onto property possessed or controlled by the responding party, so that the requesting party may "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). The rules are silent as to who may enter the property to fulfill this purpose.

Defendant is amenable to slope measurements being taken by an agent on behalf of Hillesheim. It nonetheless seeks a protective order because of the *specific individual* Hillesheim has identified as his agent. Defendant argues that Hansmeier's personal and professional relationships should bar him from involvement in this case and that he should not be held out as an "expert for purposes of the Declaration he will offer to support the Plaintiff's theories in this case." (Filing No. 30 at CM/ECF p. 3-4).

Defendant questions Hansmeier's qualifications and asserts that his credibility is suspect. Specifically, Defendant expresses concern that Hansmeier is inaccurately described as Hillesheim's agent, when he is really employed by Hillesheim's counsel, and is also counsel's brother-in-law. Further, defendant expresses concern that Hansmeier has been implicated in the media as a potential unindicted co-conspirator in crimes involving fraud and dishonesty. (See Filing No. 31-5 at CM/ECF p. 1, Filing No. 36 at CM/ECF p. 7). RVD asserts that these issues would undermine the reliability and veracity of any reports, and they will therefore cause undue burden and expense in this case.

Hillesheim argues that RVD's brief is "mean-spirited" and the "attacks" on Hansmeier's credibility are not a proper basis for a protective order. (Filing No. 35 at CM/ECF p. 10). The evidence submitted in support of Defendant's Motion for Protective Order discusses the alleged acts of Hansmeier's brother, rather than Hansmeier himself. (Filing No. 31-1 at CM/ECF p. 1, Filing No. 35 at CM/ECF p. 7). However, as Hansmeier is implicated as an unindicted coconspirator, RVD may question his credibility. RVD clearly believes that Hansmeier's report would muddy the waters of this lawsuit which would lead to unnecessary litigation and expense.

"On a motion for protective order, the moving party bears the burden to 'show the necessity of the protective order's issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Flores v. Tyson Foods, Inc., No. 4:12CV3089, 2013 WL 1091044, at *3 (D. Neb. Mar. 15, 2013) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264–65, and citing Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir.1973).

Here, Defendant objects to allowing Hansmeier on its property. "One of the main rights attaching to property is the right to exclude others." Byrd v. U.S., 138 S.Ct. 1518 (2018). (see, also Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982)("The power to exclude has traditionally been considered one of the most treasured strands in an owner's bundle of property rights"). The parties have not cited, and the court has not found, any authority stating that under the auspices of Rule 34, a defendant must grant access to someone the defendant would otherwise ban from its property.

The court can envision some circumstances supporting good cause to prohibit a specific proposed property inspector from accessing an opposing party's property; for example, if the proposed inspector and the property owner are competitors and the inspector could obtain sensitive business information during the inspection, or if prior to the Rule 34 request, the property owner had banned the proposed inspector from its property due to improper conduct, theft, etc.. Under such circumstances, a court could reasonably find that granting access to the proposed inspector would pose a hardship on the owner. A court may, for good cause, issue an order to protect a party or person from the annoyance and undue burden of discovery by "designating the persons who may be present while the discovery is conducted . . . ." Fed. R. Civ. P. 26(c)(1)(E).

However, under the circumstances presented, Defendant primarily argues that after researching Hansmeier's background, it does not trust Hansmeier to provide credible information to this court. An inspector or expert should not be barred from a case under Rule 34 based on conclusory statements challenging his or her credibility. As I stated to the parties during the pre-motion conference call, if Hansmeier does the inspection, he may certainly be vulnerable on cross-examination. But despite this warning, Plaintiff's counsel will not consider having

anyone else take the slope measurements on Plaintiff's behalf.[1]  This stance is the Plaintiff's to make, with the credibility determinations to be made later by the trier of fact. Defendant's motion for protective order will be denied.

In his brief, Hillesheim argues that the Court should award the expenses incurred for opposing defendant's motion for protective order under Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5), (Filing No. 35 at CM/ECF p. 12), and the Court should "seal Defendant's offensive filing and refer Defendant's counsel to the Nebraska Counsel for Discipline for an investigation of unprofessional conduct." (Filing No. 35 at CM/ECF p. 14). This request will be denied.

The rules permit a party to ask the court to limit who can attend discovery. Fed. R. Civ. P. 26(c)(1)(E). From what the court can find, the question of when and under what circumstances the court can limit who can perform a Rule 34 inspection is novel. Defendant has posed a good faith argument that it should be permitted to prohibit Hansmeier's access to its property based on claims that Hansmeier is neither competent to serve as an expert witness nor credible based on his background. Those arguments are based on publicly available documents. The

---

[1] Hillesheim's claim that requiring an individual other than Hansmeier to perform the measurements would create an excessive hardship is not credible. (Filing No. 25-1 at CM/ECF p. 2). Hillesheim argues that counsel was unable to locate someone who was willing to take the measurements, and that "it is difficult to imagine finding someone who would be willing to assist Hillesheim in this case" because they too would be subject to "attacks" by RVD. (Filing No. 35 at CM/ECF p. 11). Given RVD's stated willingness to allow measurements to be taken by "a qualified individual" other than Browne's employee/brother-in-law, it would be unlikely that the chosen individual would be subject to the same level of scrutiny that has been applied to Hansmeier. Further, as the defendant asserted, and was discussed in the conference with this court on March 5, 2019, there are dozens of contractors in Omaha alone who would be capable of performing such a measurement. (Filing No. 37).

court does not seal records that are in the public domain, and I do not find that defense counsel's arguments violated the Rules of Professional Conduct.

Accordingly,

IT IS ORDERED:

1. Hillesheim's Motion for Discovery under Rule 56(d) ([Filing No. 23](#)) is granted.

2. Hillesheim shall file his response to the pending motion for summary judgment within 14 days after the property measurements are taken.

3. RVD's Motion for Protective Order ([Filing No. 29](#)) is denied.

Dated this 29th day of April, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge